Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3543 | **DATE** | 6/7/11 |
| **CASE TITLE** | Stanley Wofford (#2010-0520108) v. Officer Celani, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The court authorizes the trust fund officer at Plaintiff's place of confinement to collect $7.20 from Plaintiff's trust account as an initial partial filing fee and to continue making deductions as set out below. The clerk shall send a copy of this order to the trust fund officer at the Cook County Jail. The clerk shall issue summons for service of the complaint by the U.S. Marshal on Chicago Officer Celani. No summonses shall issue for the other Defendants until their identities are known. The clerk shall send a Magistrate Judge Consent Form and Instructions for Submitting Documents, along with a copy of this order, to Plaintiff. Status hearing set for 8/5/11 at 9:30 a.m.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Stanley Wofford (#2010-0520108), a Cook County Jail inmate, has filed a 42 U.S.C. § 1983 complaint and seeks *in forma pauperis* status to file his complaint. Plaintiff names as Defendants Chicago Police Officer Celani and several unknown officers (referred to as John Does). Plaintiff alleges that the officers conducted an illegal stop and search in August 2009.

Plaintiff's *in forma pauperis* motion indicates that he is unable to prepay the filing fee, and the Court grants his motion. The Court assesses an initial partial filing fee of $7.20. 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of confinement is authorized to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Court. After payment of the initial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. Plaintiff shall remain responsible for this filing fee obligation, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event that Plaintiff is transferred.

Preliminary review of the complaint, *see* 28 U.S.C. § 1915A, reveals that Plaintiff states claims against Officer Celani and the three unknown officers referred to as John Does. Plaintiff alleges that the officers conducted an illegal stop and search on Plaintiff on August 20, 2009, and falsely charged him with possession of marijuana. The clerk shall issue summons for service of the complaint on Chicago Police Officer Celani. Once an attorney enters an appearance for Celani, Plaintiff may conduct discovery by forwarding questions designed to learn the identities of the unknown officers. *Maclin v. Paulson*, 627 F.2d 83, 87 (7th Cir. 1980) (a
**(CONTINUED)**

isk

| STATEMENT |
|---|

plaintiff may conduct discovery on a defendant to learn the identities of unknown defendants); *see also Duncan v. Duckworth*, 644 F.2d 653, 655-56 (7th Cir. 1981); *Billman v. Indiana Dept. of Corrections*, 56 F.3d 785, 789-90 (7th Cir. 1995). Once Plaintiff learns the names of the currently unknown officers, he may either submit an amended complaint that includes their names or seek to substitute their names for the Doe Defendants. Plaintiff is advised that the naming of unknown defendants does not relate back to the date the complaint was filed. *See King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914-15 (7th Cir. 2000), and that there is a two-year limitations period for claims of false arrest and illegal search in Illinois. *See Wallace v. City of Chicago*, 440 F.3d 421, 425 (7th Cir. 2006), *aff'd sub nom. Wallace v. Kato*, 549 U.S. 384 (2007).

     Accordingly, the clerk is directed to issue summons for service of the complaint on Chicago Officer Celani. The United States Marshals Service is appointed to serve this Defendant. The Marshal shall send to Plaintiff any service forms necessary to serve the Defendant. Plaintiff's failure to return completed forms may result in the dismissal of the Defendant. The Marshal is directed to make all reasonable efforts to serve the Defendant. With respect to any former employee who can no longer be found at the work address provided by Plaintiff, officials with the Chicago Police Department shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

     Plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendant or, if represented by counsel, to counsel for Defendant. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.