**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY WOFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 3543 |
| | ) | |
| v. | ) | Judge Bucklo |
| | ) | |
| OFFICER CELANI | ) | Magistrate Judge Cole |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff, currently in custody, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff alleges several Chicago Police Department officers conducted an illegal stop and search and falsely charged him with possession of marijuana. The plaintiff's previous motion to proceed *in forma pauperis* without full payment of fees was granted. (Dkt. 4). The plaintiff now moves for appointment of counsel.

There is no constitutional or statutory right to counsel in federal civil litigation. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc); *Romanelli v. Suliene,* 615 F.3d 847, 851 (2010); *Johnson v. Doughty,* 433 F.3d 1001, 1006 (7th Cir.2006). Nevertheless, an indigent litigant may request appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Pruitt,* 503 F.3d at 654. The language of § 1915(e)(1) is "entirely permissive" and does not suggest a "congressional preference for recruitment of counsel in any circumstance or category of case." *Id*. Rather, the decision is at the district court's discretion. *Id.*; *Johnson,* 433 F.3d at 1006; *Farmer v. Hass*, 990 F.2d 319, 323 (7th Cir. 1993). "When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the

difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt,* 503 F.3d at 654. The first inquiry is a "threshold question the district court must ask before ruling on a § 1915(e)(1) motion." *Id.* at 655.

With respect to the first inquiry, the plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. The plaintiff does not allege, nor is there anything in the record to indicate that he has in some fashion been precluded from obtaining counsel. He has only stated that he cannot afford one. (Pl.'s Mot., ¶ 1). The plaintiff's motion indicates that he has made "some effort" to obtain counsel, but "his efforts have been unsuccessful." (Pl.'s Mot., ¶ 2). In support of this allegation, he lists the name of one attorney and the name of one law firm as well as their respective addresses and phone numbers. (Pl.'s Mot., ¶ 2).

In response, the defendant, relying on a small survey of recent cases decided in the Northern and Southern District of Illinois, suggests that an indigent plaintiff requesting appointment of counsel must provide documentation of any attempts to obtain counsel with letters from the attorney(s) who declined to provide representation or some other form of supporting evidence. (Def.'s Resp., p. 2). Additionally, defendant suggests that two or fewer attempts is not reasonable. (Def.'s Resp., p. 2). The defendant however, does acknowledge that there is no bright-line rule as to what constitutes a reasonable attempt. Nor could there be since in all contexts reasonableness is a flexible concept that depends on circumstances. *Cf. American Nat. Bank and Trust Co. v. Hoyne Industries, Inc.*, 966 F.2d 1456, *7 (7th Cir. 1982); *Shields v. Burge*, 874 F.2d 1201, 1204 (7th Cir. 1989).

The cases cited by the defendant underscore the inherent flexibility of the reasonableness analysis and teach that such an inquiry requires a case-by-case basis assessment. That said, the

number of attempts by an indignant litigant and any supporting documentation certainly while relevant to the inquiry, is not conclusive. However, a mere recitation of I have made "some efforts" to obtain counsel but have been unsuccessful is not particularly informative or helpful in determining whether the plaintiff has met the first inquiry of *Pruitt*. The plaintiff has failed to show that he has made a reasonable attempt to obtain counsel.

While failing to meet the initial threshold inquiry of *Pruitt* is fatal to a request for appointment of counsel, I believe an analysis under the second inquiry would be beneficial. To begin, the case is not complex. Neither the legal issues raised in the complaint nor the evidence that might support the plaintiff's claims is so intricate that a trained attorney is necessary. Additionally there is only one named defendant and the plaintiff is the eyewitness to the alleged misconduct.

With respect to whether the plaintiff appears competent to litigate his own claims, *Pruitt* suggests factors to consider are "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt,* F.3d at 655. Additionally, "any evidence in the record bearing on the plaintiff's intellectual capacity and psychological history" would be relevant. *Id*. at 655.

The plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. He does lists three "difficulties and challenges" in litigating his own case: 1) That he is currently denied mailing materials and access to law books while incarcerated; 2) that he is unable to respond to the defendant's discovery requests because the documents requested are in the possession of his elderly mother and she cannot afford to mail them; and 3) he is incapable of conducting depositions and gather other discovery. (Pl.'s Mot., ¶ 3).

Being incarcerated undoubtedly hinders the plaintiff's ability to litigate his own case. His limitations, however, are not unique. Anyone in custody faces similar challenges. If being

incarcerated were sufficient to satisfy *Pruitt*'s second inquiry then there would be a blanket rule, that all *pro se* plaintiff's, if in custody, be appointed counsel. That is not the case. It is but one factor to consider. The inquiry remains, given the plaintiff's litigation capabilities, which necessarily includes the limitation inherent to incarceration, is he competent to litigate his claims.

The plaintiff's first allegation, that he is being denied mailing materials and law books is not persuasive. The plaintiff previously filed a motion to compel Effingham County Officials to provide postage for all legal mail, which I denied. (Dkt. 25). I issued an order to the Effingham Sheriff's Office requesting the plaintiff be allowed postage in accordance with Ill. Admin. Code Title, 20 § 525.130(a). (Dkt. 27). Furthermore, the very fact that I am discussing an instant motion, which the plaintiff had no difficulties filing with this court, undercuts his contention that he is being denied access to the courts. Similarly, the plaintiff's allegation that he is being precluded from conducting legal research is equally problematic given his case citations in his motion.

Plaintiff's second allegation, that he cannot comply with the defendant's request for discovery because his mother cannot afford to mail requested documents is completely irrelevant to the question of the plaintiff's ability to competently litigate his case. Figuring out how to get documents from his mother's house to defendant's counsel does not require the assistance of an attorney.

Finally, the plaintiff's third allegation that his incarceration precludes him from performing certain forms of discovery including the taking of depositions is certainly valid and well taken, but as discussed earlier, not by itself, sufficient to require appointment of counsel; all prisoners face similar constraints. The plaintiff still has other avenues for discovery. In fact, the plaintiff has already served the defendant with request to produce documents under Rule 34, which is well drafted and appears on its face specifically tailored to discovery of evidence relevant to the

plaintiff's claims. (Def's Resp., Ex. B).

More importantly, the plaintiff is no stranger to litigation. The plaintiff indicates in his complaint another pending lawsuit in the Northern District of Illinois filed in February 2011. In 2010 he filed a lawsuit in the Northern District of Illinois that was subsequently transferred to the Central District and dismissed. In 2006 he filed a lawsuit in the Southern District of Illinois that went to trial in 2009 resulting in a favorable disposition to the plaintiff. (Compl., ¶ 3). The defendant' response lists eight cases the plaintiff filed *pro se* in federal court and three cases in the Illinois Court of Claims over a thirteen-year period. (Def.'s Resp., p. 8). Even more convincing in the question of the plaintiff's ability to represent himself is the sampling of documents drafted by the plaintiff and attached as an exhibit to the defendant's response. (Def.'s Resp., Ex. A).

The samples, like the motion for appointment of counsel, are meticulously drafted and legibly hand-written. They cite to relevant case law and statutory authority where appropriate, and the citations themselves attempt to follow blue-book form. His arguments are coherent and well reasoned. Indeed, they are superior to many of the briefs written by members of the bar. Taking the instant motion for appointment of counsel as an example, the motion is properly captioned. It correctly sets out the applicable legal standard, correctly citing to *Pruitt* and proceeds to address each inquiry of *Pruitt* in turn. It contains the necessary unsworn declaration under penalty of perjury, citing to the correct section of the United States Code, 28 USC § 1746 and attached is an adequate proof of service. Additionally, during a recent telephone appearance on March 8, 2012, I found the plaintiff to be articulate and respectful.

The plaintiff is clearly literate, able to communicate effectively, and an experienced litigator. In fact, in a recent deposition, the plaintiff stated that he has taken some college courses and has had some paralegal training. (Def.'s Resp., p. 9). I have no doubt that the plaintiff is competent at

preparing and responding to motions and other court filings and in light of all the factors as discussed I find him competent to litigate his own claims. It should additionally be noted that *pro se* litigants are accorded wide latitude in the handling of their lawsuits in this district. The plaintiff's motion for appointment of counsel is denied.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: 3/22/12