**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| STANLEY WOFFORD, | ) | |
| | ) | |
| Plaintiff, | ) | No. 11 C 3543 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| OFFICER SCOTT CELANI, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff's motion to compel defendant to produce documents related to complaints by other citizens against the defendant, including the names and addresses of the complaining witnesses, essentially seeks evidence of "other acts" under Rule 404(b), Federal Rules of Evidence.[1] Rule 404(b) is a specialized rule of relevance and has come to play a significant role in employment discrimination and retaliation cases and in civil rights litigation. In essence, in these contexts, the Rule potentially allows evidence of other acts of a defendant to be admitted at trial to prove motive, intent, common scheme, etc., subject of course to the strictures of Rule 403. *See Warren v. Solo Cup Co.,* 516 F.3d 627 (7th Cir.2008); *Manuel v. City of Chicago,* 335 F .3d 592, 596 (7th Cir.2003); *O'Sullivan v. City of Chicago,* 2007 WL 671040, 8 (N.D.Ill.2007); *Davis v. Duran*, 276 F.R.D. 227, 233 (N.D.Ill. 2011).[2]

---

[1] The complaints are known in the police department as "CRs."

[2] Rule 404(b) provides, in pertinent part:

> Crimes, Wrongs, or Other Acts.
>
> **(1) Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a

(continued...)

Since the information sought by Mr. Wofford is made potentially relevant by Rule 404(b), discovery of evidence of other acts by the defendant may be permissible under Rule 26. *Fudali v. Napolitano*, 2012 WL 2108651, 2 (N.D.Ill. 2012). As noted, excessive force and similar cases have proved especially hospitable to "other act" evidence under Rule 404(b) on the theory that the evidence is relevant, not to proving propensity, but to proving intent, motive, or pattern. *See e.g. Manuel*, 335 F.3d at 596. Indeed, there are those who think that the "evidence of a defendant's other discriminatory acts serves as the backbone of the plaintiff's case in many civil rights actions." Edward J. Imwinkelried, *An Evidentiary Paradox: Defending the Character Evidence Prohibition by Upholding a Non-Character Theory of Logical Relevance, The Doctrine of Chances*, 40 U.Rich.L.Rev. 419, 423 (2006). As with all 404(b) evidence, the "other act" must be similar to that in question and have occurred either shortly before or shortly after it. If they are not, they are not relevant within the meaning of Rule 401 and are excluded by Rule 402. This requirement of similarity and temporal closeness helps to ensure relevancy, since ancient and/or dissimilar acts tend only to prove propensity. There is no algorithmic test of similarity and recency. The cases are widely divergent.

In *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993)(Posner, J.), the Seventh

---

$^2$(...continued)
   particular occasion the person acted in accordance with the character.

   **(2) Permitted Uses; Notice in a Criminal Case.** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

The itemization of permitted purposes in Rule 404(b) for which the evidence may be admitted is illustrative, not exhausted.

Circuit found reversible error in the district court's refusal to allow two witnesses, Jones and White, to testify that they had been tortured by the defendant days before the plaintiff claims the defendant extracted a confession from him by torture. In finding that the district court was "far too chary in allowing the plaintiff to present evidence," Judge Posner said, "[i]f [the defendant] had used an electroshock device on another suspect only a few days previously, this made it more likely (the operational meaning of 'relevant') that he had used it on Wilson. ... Although evidence of prior bad acts is inadmissible to prove a propensity to commit such acts, it is admissible for other purposes, including intent, opportunity, preparation, and plan. Fed.R.Evid. 404(b). Jones's evidence would have served all four of these purposes, White's all but the third (preparation)...." *Id.* at 1238. (Parentheses in original).

Of course, admissibility in these cases is not a sure thing. In *Zaken v. Kelley*, 2010 WL 1253056 (11th Cir. 2010), the plaintiff claimed that the defendant used excessive force in arresting him for purse stealing. At trial, the district court excluded evidence of Kelley's past use of force against others, and the Eleventh Circuit affirmed, reasoning that the plaintiff did not show how the prior acts would be relevant except to show the defendant's bad character or propensity to use excessive force. *Franklin v. Messmer*, 111 Fed.Appx. 386 (6th Cir. 2004) concluded that the defendant police officer's prior use of pepper spray was properly excluded because it was only probative of the defendant's propensity for using pepper spray.

The same rationale was applied in *Chavez v. City of Albuquerque*, 402 F.3d 1039 (10th Cir. 2005), where the defendant police officer was accused of allowing his police dog to bite the plaintiff. The district court granted a defense motion *in limine* to preclude evidence of other incidents in which arrestees were bitten by the dog. On appeal it was argued the evidence was relevant to show

3

absence of mistake or accident, or alternatively, that the officer's use of the dog in making arrests constituted a *modus operandi*. The Tenth Circuit affirmed, since there was no claim that the officer accidentally or mistakenly used the police dog, and because proof of a *modus operandi* is only relevant "where there is an issue regarding the defendant's identity." *Compare Kopf v. Skyrm*, 993 F.2d 374 (4th Cir. 1993)(evidence of defendant's affection for his police dog should have been admitted on the issue of intent and lack of mistake).

*Lounds v. Torres*, 217 Fed.Appx. 755 (10th Cir. 2007) illustrates the reach of Rule 404(b) and the non-exhaustive nature of the categories of proper purpose enumerated in the Rule. In *Lounds*, the decedent's wife sued the police for excessive force in arresting her husband who was killed during the encounter. She sought damages for grief and loss of companionship. At trial, the district court admitted evidence of her husband's history of domestic violence towards her, even though the evidence was not offered to show motive, intent, opportunity, plan, knowledge or absence of mistake. The Tenth Circuit affirmed.

Other cases have also allowed Rule 404(b) evidence to rebut damage claims based upon grief and loss of companionship by widows whose husband had been killed or assaulted by the police. *See e.g.*, *Jones v. DeVaney*, 107 Fed.Appx. 709, 710 (9th Cir. 2004); *Udemba v. Nicoli*, 237 F.3d 8 (1st Cir. 2001). The principle, of course, is not limited to civil rights complaints. *See Sherman v. Chrysler Corp.*, 47 Fed.Appx. 716, 723 (6th Cir. 2002)(evidence of other litigation by plaintiff properly admitted to rebut claim that plaintiff's inability to advance at Chrysler because of his age caused him to lose patience and become argumentative and depressed). Another instance in which 404(b) evidence is routinely admitted even though it does not go to motive, intent, etc., is where it is offered to show the plaintiff's bias, *see Barkley v. City of Klamath Falls*, 302 Fed.Appx. 705 (9th

Cir. 2008), or to impeach credibility.

Performance evaluations of police officers often play a role in excessive force cases. In *Carson v. Polley*, 689 F.2d 562 (5th Cir. 1982), the Court of Appeals held that the trial court erred in refusing to admit a performance evaluation that commented that one of the defendants needed to work on controlling his temper in his relations with detainees. This report, the Fifth Circuit held, was admissible on the issue of intent to commit the charged assault. "Loss of temper and consequent intentional hostility towards other detainees on earlier occasions made it more likely that a similar intent was present in [defendant's] conduct towards Carson." *Id.* at 573. The Court of Appeals came to the opposite conclusion regarding a performance evaluation of a second defendant since it expressed only a general statement regarding temper in relation to the public, not detainees specifically, and occurred three years before the incident alleged by the plaintiff. *See also Friebis v. Kifer*, 47 Fed.Appx. 699 (6th Cir. 2002)(complaints by citizen against police officer that were found to have merit by the police department properly admitted in suit against officer for assault and battery).

A careful review of the cases reveals a lack of consistency in results where ultimate questions of admissibility are involved. But what they all have in common is an implicit recognition that Rule 404(b) evidence is discoverable under Rule 26, Federal Rules of Civil Procedure. For if the evidence had not been discoverable, the question of admissibility at trial would never have arisen. As expansive and inclusive as the definition of relevancy is under Rule 401 of the Federal Rules of Evidence, *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 587 (1993); *United States v. Murzyn,* 631 F.2d 525, 529 (7th Cir.1980); *United States v. Marks,* 816 F.2d 1207, 1211 (7th Cir.1987), the standard for relevancy under the discovery provisions of Rule 26 is even broader.

*Hofer v. Mack Trucks,* 981 F.2d 377 (8th Cir.1992); *Johnson v. Jung* 242 F.R.D. 481, 2007 WL 1373181, *2 (N.D.Ill. 2007). In that context, the only question is whether the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Rule 26(b)(1); *Redwood v. Dobson,* 476 F.3d 462, 469 (7th Cir. 2007).

Of course, if it can be concluded that the evidence sought will not be admissible at trial because irrelevant under Rule 401, Federal Rules of Evidence, it is not relevant under Rule 26(b)(1) and discovery ought not be allowed. The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Failure to exercise that control results in needless and excessive costs to the litigants and imposes unnecessary burdens on the administration of justice. *Cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989). *See Jackson v. N'Genuity Enterprises Co.,* 2010 WL 4928912, 1 (N.D.Ill. 2010).

Here, the plaintiff is seeking information relating to prior complaints by citizens against the defendant. But unless those complaints involve, in some way, claims of excessive force and related alleged misconduct, they are not relevant to Mr. Wofford claims of unlawful arrest and malicious prosecution and apparent wrongful confiscation of the bulletproof vest he was wearing at the time of his arrest. So far as one can tell, the complaints are not relevant to the claims advanced by Mr. Wofford of the defenses advanced by the defendants. Hence, the information sought is irrelevant

6

under Rule 26(b)(1) since it could not lead to admissible evidence under Rule 401. The plaintiff's motion to compel [58] is denied.

ENTERED:_____
UNITED STATES MAGISTRATE JUDGE

DATE: July 11, 2012